Doris F. Ulman, Esq. Village Attorney, South Nyack
You have asked whether a village has authority to convey a right of way to an adjoining private property owner. By telephone conversation you have informed us that the right of way is not part of the village road system but merely an easement held by the village.
Section 1-102 of the Village Law gives villages broad power with regard to the acquisition and conveyance of real property and interests in real property such as easements and rights of way, as long as the sale is required for village purposes (Village Law, § 1-102[1] and [3]). In the past we have found that this section authorizes the sale of property held by the village by any reasonable method:
 "Once a governing body, having discretion as to the method of sale of real property chooses a method for sale, it may not act arbitrarily in making the conveyance . . . However, we believe that a governing body with statutory discretion as to method of sale of real property, if in the public interest, may sell real property through public auction, private negotiated sale, request for proposals or other reasonable method" (1981 Op Atty Gen [Inf] 149 [emphasis supplied; citations omitted]; see also, Op Atty Gen No. 87-44).
As long as the method of sale is appropriate under the circumstances and serves the public interest, it is authorized under the Village Law. All sales of interests in real property must, however, be authorized by the board of trustees at a properly noticed public meeting (Op Atty Gen No. 87-44; 1981 Op Atty Gen [Inf] 149).
Determinations concerning the village's potential liability following such a conveyance raises factual issues which are beyond the scope of this opinion.
We conclude that under appropriate circumstances, a village may convey its rights in an easement to an adjoining private property owner.